IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| v. | § | No. SA-14-CR-49(1)-XR |
| | § | |
| MARK STEVEN THOMPSON, | § § | |
| *Defendant.* | § § | |

**ORDER**

On this day, the Court considered Defendant's motion to continue and motion for re-arraignment by videoconference. Doc. Nos. 98 and 99. After careful consideration, the motion to continue is GRANTED and the motion for re-arraignment by videoconference is DENIED.

Defendant is charged in Count One of a Superseding Indictment with conspiracy to defraud in violation of 18 U.S.C. §§ 1343 and 1349. In Count Two he is charged with aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2. On September 3, 2014, Defendant signed a plea agreement wherein he agreed to plead guilty to Count One. The plea hearing was set for today, October 7, 2014. The motions to continue and for videoconference were filed yesterday, October 6.

The motion for videoconference is quite reasonable. Defendant is on pretrial release and is living in California. He claims he is unemployed and travel for re-arraignment would

pose a "grave economic hardship." He proposes that he report to the federal courthouse in Fresno, California and appear in front of the video equipment at that facility.

As logical as that appears, the Federal Rules of Criminal Procedure do not allow for this accommodation. Although counsel for Defendant calls the hearing an arraignment, the hearing will actually be a plea hearing. Fed. R. Crim. P. 43(a) states, in part, that the defendant must be present at the plea. Fed. R. Crim. P. 43(a)(1). Fed. R. Crim. P. 11 states, in part, that "the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."

The above, of course, does not answer the question as to whether a defendant may waive personal appearance in court and elect to plea by videoconference. Some courts that have considered the question have concluded that "there is no federal procedural rule or other authority authorizing the taking of a felony guilty plea by video teleconference." See e.g. *U.S. v. Klos*, 2013 WL 2237543 (D. Az. May 20, 2013). It does not appear that the Fifth Circuit has directly considered this issue, but in a case involving the sentencing of a defendant by videoconference, where the defendant objected and requested to be sentenced in open court, the Fifth Circuit concluded that videoconference sentencing "seemingly" violated a defendant's Confrontation Clause rights and that Rule 53 required physical presence in the courtroom. Concerns were also expressed about how a defendant may be able to adequately confer with his counsel. *See U.S. v. Navarro*, 169 F. 3d 228 (5th Cir.), *cert. denied*, 528 U.S. 845 (1999).

Given the absence of explicit rule authority to take the plea by videoconference, and because current technology would not allow the defendant to privately confer with his attorney should he need to confer with his counsel, the motion to schedule a videoconference is DENIED.

However, in order to allow the Defendant additional time to secure more reasonably priced travel arrangements, the rearraignment and plea is rescheduled in Courtroom 3, on the First Floor of the John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard, San Antonio, TX, on Thursday, December 4, 2014 at 01:30 PM.

SIGNED this 7th day of October, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE